UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| MITCHELL SEID, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:16 CV 86 RWS |
| | ) |
| NANCY A. BERRYHILL, | ) |
| Acting Commissioner of Social Security,[1] | ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

Plaintiff Mitchell Seid brings this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of the Commissioner's decision denying his application for disability benefits under the Social Security Disability Insurance Program (SSDI),Title II of the Social Security Act, 42 U.S.C. §§ 401-434 and for benefits under the Supplemental Security Income Program (SSI), Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1385.  For the reasons set forth below, I will reverse the decision of the Commissioner and remand this matter for further proceedings.

*Procedural History*

Seid alleged disability beginning March 21, 2013, at the age of 31.[2]  He asserts that he was unable to work due to obsessive compulsive disorder, anxiety,

---
[1] On January 20, 2017, Nancy A. Berryhill became the Acting Commissioner of Social Security.  Under Fed. R. Civ. P. 25(d), Berryhill is automatically substituted for former Acting Commissioner Carolyn W. Colvin as defendant in this action.

attention deficit hyperactivity disorder (ADHD), depression, bipolar disorder, dyslexia, and hypertension.

Seid applied for SSDI and SSI benefits on March 26, 2018. (Tr. 174) Seid's application was initially denied on June 3, 2014. After a hearing before an Administrative Law Judge (ALJ) on August 14, 2015, the ALJ issued a decision denying benefits on October 23, 2015. On September 29, 2016, the Appeals Council denied Seid's request for review. As a result, the ALJ's decision is the final decision of the Commissioner. 42 U.S.C. § 405(g).

In this action for judicial review, Seid contends that the ALJ's decision is not supported by substantial evidence on the record as a whole. Seid specifically argues that the ALJ erred by assigning "great weight" to the opinion of a treating therapist but omitted many of the therapist's limitations from the Residual Functional Capacity (RFC) assessment without explanation. Seid requests that I reverse the Commissioner's final decision and remand the matter for further evaluation. For the reasons that follow, I will reverse the Commissioner's decision and remand the case for further proceedings.

***Medical Records and Other Evidence Before the ALJ***

With respect to the medical records and other evidence of record, I adopt Seid's recitation of facts set forth in his Statement of Uncontroverted Material

---

[2] Although Seid's applications for benefits states he became disabled on February 1, 2008 the parties agree that his disability began on March 21, 2013. It was on that date that a Social Security Administrative Laws Judge issued a decision that Seid was no longer disabled as of March 15, 2012 and would no longer receive disability benefits that he previously had been awarded in July, 2008. (Tr. 76-79)

Facts (Doc # 12) to which are all admitted by the Commissioner (Doc # 17-1). I also adopt the additional facts set forth in the Commissioner's Statement of Additional Material Facts (Doc # 17-2), as they are admitted by Seid. Together, these statements provide a fair and accurate description of the relevant record before the Court.

Additional specific facts will be discussed as needed to address the parties' arguments.

### *Discussion*

A.      Legal Standard

To be eligible for disability insurance benefits under the Social Security Act, Seid must prove that he is disabled. Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir. 2001); Baker v. Secretary of Health & Human Servs., 955 F.2d 552, 555 (8th Cir. 1992). The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). An individual will be declared disabled "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

To determine whether a claimant is disabled, the Commissioner engages in a five-step evaluation process. See 20 C.F.R. § 404.1520; Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987); McCoy v. Astrue, 648 F.3d 605, 611 (8th Cir.2011). At Step One, the ALJ determines whether the claimant is currently engaging in "substantial gainful activity"; if so, then he is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I); McCoy, 648 F.3d at 611. At Step Two, the ALJ determines whether the claimant has a severe impairment, which is "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities"; if the claimant does not have a severe impairment, he is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(ii), 404.1520(c), 416.920(a)(4)(ii), 416.920(c); McCoy, 648 F.3d at 611. At Step Three, the ALJ evaluates whether the claimant's impairment meets or equals one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "listings"). 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the claimant has such an impairment, the Commissioner will find the claimant disabled; if not, the ALJ proceeds with the rest of the five-step process. 20 C.F.R. §§ 404.1520(d), 416.920(d); McCoy, 648 F.3d at 611.

Prior to Step Four, the ALJ must assess the claimant's "residual functional capacity" ("RFC"), which is "the most a claimant can do despite [his] limitations." Moore v. Astrue, 572 F.3d 520, 523 (8th Cir.2009) (citing 20 C.F.R. § 404.1545(a)(1)); see also 20 C.F.R. §§ 404.1520(e), 416.920(e). An individual's

4

RFC is his ability to do physical and mental work activities on a sustained basis despite limitations from his impairments. In making the RFC determination, the ALJ must consider all of a claimant's impairments, including impairments that are not severe. 20 C.F.R. §§ 404.1520(e), 404.1545, 416.920(e), and 416.945.

At Step Four, the ALJ determines whether the claimant can return to his past relevant work, by comparing the claimant's RFC with the physical and mental demands of the claimant's past relevant work. 20 C.F.R. § § 404.1520(a)(4)(iv), 404.1520(f), 416.920(a)(4)(iv), 416.920(f); McCoy, 648 F.3d at 611. If the claimant can perform his past relevant work, he is not disabled; if the claimant cannot, the analysis proceeds to the next step. Id. At Step Five, the ALJ considers the claimant's RFC, age, education, and work experience to determine whether the claimant can make an adjustment to other work in the national economy; if the claimant cannot make an adjustment to other work, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); McCoy, 648 F.3d at 611. If the claimant is able to do other work, he is not disabled and will be denied disability benefits.

Through Step Four, the burden remains with the claimant to prove that he is disabled. Moore, 572 F.3d at 523. At Step Five, the burden shifts to the Commissioner to establish that the claimant maintains the RFC to perform a significant number of jobs within the national economy. Id.; Brock v. Astrue, 674 F.3d 1062, 1064 (8th Cir.2012).

I must affirm the Commissioner's decision if it is supported by substantial evidence on the record as a whole. 42 U.S.C. § 405(g); Richardson v. Perales, 402 U.S. 389, 401 (1971); Estes v. Barnhart, 275 F.3d 722, 724 (8th Cir. 2002). Substantial evidence is less than a preponderance but enough that a reasonable person would find it adequate to support the conclusion. Johnson v. Apfel, 240 F.3d 1145, 1147 (8th Cir. 2001). Determining whether there is substantial evidence requires scrutinizing analysis. Coleman v. Astrue, 498 F.3d 767, 770 (8th Cir. 2007).

I must consider evidence that supports the Commissioner's decision as well as any evidence that fairly detracts from the decision. McNamara v. Astrue, 590 F.3d 607, 610 (8th Cir. 2010). If, after reviewing the entire record, it is possible to draw two inconsistent positions and the Commissioner has adopted one of those positions, I must affirm the Commissioner's decision. Anderson v. Astrue, 696 F.3d 790, 793 (8th Cir. 2012). I may not reverse the Commissioner's decision merely because substantial evidence could also support a contrary outcome. McNamara, 590 F.3d at 610.

When evaluating evidence of pain or other subjective complaints, the ALJ is never free to ignore the subjective testimony of the claimant, even if it is uncorroborated by objective medical evidence. Basinger v. Heckler, 725 F.2d 1166, 1169 (8th Cir. 1984). The ALJ may, however, disbelieve a claimant's subjective complaints when they are inconsistent with the record as a whole. See

e.g., Battles v. Sullivan, 902 F.2d 657, 660 (8th Cir. 1990). In considering the subjective complaints, the ALJ is required to consider the factors set out by Polaski v. Heckler, 739 F.2d 1320 (8th Cir. 1984), which include:

> claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness and side effects of medication; and (5) functional restrictions.

Id. at 1322. When an ALJ explicitly finds that the claimant's testimony is not credible and gives good reasons for the findings, the court will usually defer to the ALJ's finding. Casey v. Astrue, 503 F.3d 687, 696 (8th Cir. 2007). However, the ALJ retains the responsibility of developing a full and fair record in the non-adversarial administrative proceeding. Hildebrand v. Barnhart, 302 F.3d 836, 838 (8th Cir. 2002).

    B.    ALJ's Decision

In her written decision, the ALJ found that Seid has not engaged in substantial gainful activity since the alleged disability onset date of March 21, 2013. The ALJ found Seid's ADHD and depression to be severe impairments. She also found that Seid's hypertension, anxiety, obsessive compulsive disorder, bipolar disorder, asthma, and chronic rhinitis were not severe impairments. These findings are supported by substantial evidence in the record and are clearly stated in the ALJ's decision (Tr. 15). The ALJ determined that Seid's ADHD and

7

depression, though severe, did not meet or medically equal a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 16) The ALJ then made an RFC determination. The ALJ found that Seid had the RFC to perform a full range of work at all exertional levels with the following non-exertional limitations:

> he is restricted to the performance of simple, routine, repetitive work requiring no interaction with the general public and only occasional contact with co-workers and supervisors.

(Tr. 17)

The ALJ found that Seid was unable to perform any past relevant work. (Tr. 23) Considering Seid's RFC and his age, education, and work experience, the ALJ relied upon vocational expert testimony to support a conclusion that Seid could perform work as it exists in significant numbers in the national economy, and specifically in occupations such as a linen room attendant, a twisting machine operator, and a wire coating operator. (Tr. 24) As a result, the ALJ found Seid not to be disabled at any time from March 21, 2013, through the date of the decision. (Tr. 24)

Seid claims that this decision is not supported by substantial evidence because the ALJ improperly omitted some of Seid's limitations set out in a report of a treating therapist which the ALJ relied on in reaching the RFC determination.

    C.    <u>Weight Accorded to Opinion Evidence</u>

When evaluating opinion evidence, an ALJ is required to explain in her decision the weight given to any opinions from treating sources, non-treating

sources, and non-examining sources. See 20 C.F.R. § 404.1527(e)(2)(ii). The Regulations require that more weight be given to the opinions of treating physicians than other sources. 20 C.F.R. § 404.1527(c)(2). A treating physician's assessment of the nature and severity of a claimant's impairments should be given controlling weight if the opinion is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record. Id.; see also Forehand v. Barnhart, 364 F.3d 984, 986 (8th Cir. 2004). This is so because a treating physician has the best opportunity to observe and evaluate a claimant's condition,

> since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations.

20 C.F.R. § 404.1527(c)(2).

When a treating physician's opinion is not given controlling weight, the Commissioner must look to various factors in determining what weight to accord that and any other medical opinion of record, including the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, whether the physician provides support for her findings, whether other evidence in the record is consistent with the physician's findings, and the physician's area of specialty. 20 C.F.R. § 404.1527(c), (e). Inconsistency

with other substantial evidence alone is a sufficient basis upon which an ALJ may discount a treating physician's opinion. Goff v. Barnhart, 421 F.3d 785, 790-91 (8th Cir. 2005). The Commissioner "will always give good reasons in [the] notice of determination or decision for the weight [given to the] treating source's opinion." 20 C.F.R. § 404.1527(c)(2).

Seid's grounds for challenging the ALJ's decision are based on a report, dated August 28, 2015, by Maeanne Browning, LPC, a licensed professional counselor and mental health therapist at North Central Missouri Mental Health Center. Browning completed a Medical Source Statement-Mental regarding Seid's functional abilities. (Tr. 412-413) The report diagnosed Seid with ADHD, intermittent explosive disorder, mood disorder, and obsessive compulsive disorder. Browning opined that Seid would have bad days with his impairments that would cause him to leave work prematurely or be absent four days a month and that he would be off task five percent of the time. She also opined that Seid had moderate limitations in his ability to understand and remember detailed instructions; make simple work related decisions; complete a normal workday and workweek without interruptions form his limitations; and to perform at a consistent pace without an unreasonable number and length of rest periods. In addition, Browning opined that Seid was moderately limited in interacting with the general public; maintaining socially appropriate behavior and adhering to basic standards of neatness and cleanliness. Browning opined that Seid is moderately limited in the ability to

appropriately respond to changes in the work setting; the ability to travel to unfamiliar places or use public transportation; and in the ability to set realistic goals or make plans independently of others.  Browning found that Seid had a marked limitation in his ability to work in coordination with or proximately to others without being distracted by them.  (Id.)

The ALJ gave Browning's report "great weight."  (Tr. 22)  The ALJ noted that:

> The degree of limitation indicated by this treating source , primarily mild to moderate limitations, is generally consistent with the medical evidence of record and treatment notes, except for the absences of more than 4 days per month,[3] to which the undersigned assigns little weight.  The above residual functional capacity assessment otherwise takes into account the degree of restriction indicated by the treating source.

(Id.)

Seid asserts that after giving Browning's opinion great weight, the ALJ erred by failing to include Browning's opinions that Seid would be moderately limited in the ability to make simple work related decisions; complete a normal workday and workweek; perform at a consistent pace without an unreasonable number and length of rest period; maintain socially appropriate behavior and adhere to basis standards of neatness and cleanliness; or respond appropriately to change in the work setting.

---

[3] Browning's report did not indicate the Seid would miss **more** than four days a month as stated by the ALJ.  The report indicated that Seid would miss four days per month.  It was another treater, Dr. W. Alex Dymek, M.D., who stated that Seid's limitations would cause him to miss work or leave early more than four days per month.  The opinion is found in a Medical Source Statement-Physical that Dr. Dymek completed on April 11, 2014.  (Tr. 331)

Seid argues that although the ALJ was not required to give great weight to a therapist's opinion, once she did, she needed to either adopt the limitations expressed by the therapist in in the ALJ's RFC determination or state why some of the limitations have been discounted. When an ALJ gives great weight to an opinion she needs to explain why some of the opinion's limitations are discounted or rejected. Friziellie v. Astrue, No. 4:11CV1782 LMB, 2013 WL 655157, at *17 (E.D. Mo. Feb. 22, 2013). Social Security Ruling 96–8p requires that a residual functional capacity determination "include a narrative discussion describing how the evidence supports each conclusion." SSR 96–8p. See Farmer v. Colvin, No. 4:13CV2389 HEA, 2014 WL 5489299, at *5 (E.D. Mo. Oct. 30, 2014)

I find that the ALJ sufficiently addressed the issues raised by Seid in this appeal and reached her determination of Seid's RFC based on substantial evidence in the record with one exception. The ALJ "give little weight" to Browning's opinion that Seid would be absent from work for four days a month. The ALJ did not elaborate in her decision why she rejected that limitation. Moreover, On April 11, 2014, Dr. W. Alex Dymek also opined that Seid would miss work more than four days a month. (Tr. 331) The ALJ gave some weight to that opinion but did not specifically address Dr. Dymek's opinion regarding missing work more than four days a month. (Tr. 22) This issue is significant because the vocational expert, when considering Seid's RFC at the hearing, stated that no work would be available to an individual who would miss work two or more days a month.

The evidence from Dr. Dymek and Ms. Browning is that Seid would miss *at least* two days of work a month. The ALJ does not specifically address why these opinions have been discounted based on the evidence in the record. As a result, I will reverse the Commissioner's decision and remand this case for a new administrative hearing.

*Conclusion*

When reviewing an adverse decision by the Commissioner, the Court's task is to determine whether the decision is supported by substantial evidence on the record as a whole. Davis v. Apfel, 239 F.3d 962, 966 (8th Cir. 2001). "Substantial evidence is defined to include such relevant evidence as a reasonable mind would find adequate to support the Commissioner's conclusion." Id. Where substantial evidence supports the Commissioner's decision, this Court may not reverse the decision merely because substantial evidence exists in the record that would have supported a contrary outcome or because another court could have decided the case differently. Id.; see also Igo v. Colvin, 839 F.3d 724, 728 (8th Cir. 2016); Buckner v. Astrue, 646 F.3d 549, 556 (8th Cir. 2011)

For the reasons set out above, I find that the ALJ failed to address why she discounted a limitation regarding Seid's ability to complete a normal workweek and not miss four (or more) days of work a month. This issue is significant and directly impacts the ultimate determination of whether Seid is able to work. As a result, I will remand this case for further proceedings.

Accordingly,

**IT IS HEREBY ORDERED** that that the decision of the Commissioner is **REVERSED** and the case is **REMANDED** for further proceedings in accordance with this memorandum and order.

A separate Judgment is entered herewith.

*[signature]*
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 30th day of March, 2018.